TRADUCCIÓN PÚBLICA. ——————————————————————
First page.————————————————————————————
Judicial Power of the Nation. ——————————————————————
(There appears an illegible signature) Mirta L. López González. Judge of the Preliminary Proceedings. ————————————————————————————
(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ——————
(There appears an illegible seal) ——————————————————————
Attorney at Law Mirta L López González, Judge in charge of the National Court of The Preliminary Criminal Proceedings N° 25 of this Federal Capital, by disposition of the Honorable National Court of Appeals in Criminal and Correctional Matters of the Federal Capital.————
To the Person in charge of the Secretary of State of the State of Delaware, United Sates of America———————————————————————————————
PRESENTS COMPLIMENTS, REQUEST INTERNATIONAL JUDICIAL ASSISTANCE AND GIVES NOTICE THAT: in the Case N° 31461/03 entitled "Guaia Carlos Ignacio about procedural fraud..." which is being heard before Secretary N° 161, provisionally in charge of Damián I. Kirszenbaum, the issuance of this presents has been arranged, begging its fulfillment and offering reciprocity in similar cases, requesting the assistance describes herein as necessary in the interest of justice. To its purpose and to your better understanding I shall transcribe part of the order of the court: ——————————————————————
Buenos Aires February 25th I) to Issue a Letter Rogatories to the Secretary of the State of the States of Delaware, Pennsylvania and New York, United States of America, so as they inform the following: 1) If according to your Registry regarding Corporations up to November 15, 2001, there existed a corporation named "Ogden Entertainment Services Inc." 2) if it did not exist, it shall be informed if said Corporation modified it name or if it was acquired by any Business Group. Being that the case it shall be informed which were those modifications, the registered names and its current name. 3) Furthermore, it shall be informed if the Corporation which was registered under the name "Ogden Entertainment Services Inc." is the same business organization currently named "Aramark Entertainment Inc." 4) Moreover, it shall be informed the names of the people who acted as authorities of the board o legally represented "Ogden Entertainment Services Inc." or the following Corporation, up to November 15, 20011. 5) if "Ogden Entertainment Services Inc. " or its following Corporations, are currently in activity, and who the members of the board or the ones who legally represent it are. ——————————
II) Make it known, that the current Case N° 31461/03 entitled "Guaia Carlos Ignacio about procedural fraud" was commenced after Attorney at Law Ezequiel Iribarren and Attorney at Law Francisco Castex, representing Néstor Edgardo Eijo and Mario Roberto Eijo de Tezanos Pinto, made a formal complaint, on May 15, 2003. ——————————————————————
Back of the first page. ——————————————————————
(There appears an illegible seal) ——————————————————————
In said formal complaint it was stated that Attorney at Law Carlos Ignacio Guaia conferred himself, fraudulently, the representation of "Ogden Entertainment Services Inc.", by means of a power which would have been granted on November 2001, despite said Company stopped its existence on November 1996. It was also stated that the charged person used said document to deceive the Judge in charge of the proceedings having jurisdiction in Commercial Matters, thus starting a Commercial Proceeding by means of which he is trying to execute his principals. It was stated that Messrs. Eijo maintained a commercial relationship with the company "Ogden

Entertainment Services Inc." and as a consequence of said relationship a conflict, regarding the liquidation and payment of the previously agreed remuneration to be paid to Messrs. Eijo, was generated. Due to this problem, their principals needed to implement a mechanism commonly used to solve the conflicts, which established that any problem with the interpretation of the agreement should be submitted to arbitration pursuant to the rules of the International Arbitration Court of the International Commerce Chamber of Paris (C.C.I.), in Miami, United States of America. Said Arbitration Proceeding was identified before the International Arbitration Court of the International Commerce Chamber of Paris (C.C.I.), as Case N° 10946/KGA/TE. On June 12, 2001 the Arbiter gave his award, in favor of the requirements presented by Messrs. Eijo, regarding the benefits corresponding to the fiscal years 1988 and 1999, for an amount of U$S 304,981. On the other side, OGDEN should pay the interests regarding said benefits of the fiscal year 1998 to Messrs. Eijo, for an amount of U$S 412,427. It was also solved that all the costs incurred in said arbitration proceeding by the parties should be borne by the principals, and thus having to pay to OGDEN the amount of U$S 493,412.83. As a fact, Messrs. Eijo should bear the costs generated on their behalf. Due to that, they made a formal complaint that in the proceedings N° 84444, which is being heard before the National Commercial Court N° 13 of this city, the "assumed" agent of "Ogden Entertainment Services Inc.", Carlos Ignacio Guaia, pretends to ratify the arbitration award before mentioned and execute Néstor Eijo and Mario Roberto Eijo de Tezanos Pinto for the amount of U$S 225,283, corresponding to the assumed costs of the arbitration proceedings. They also informed that to initiate said action, the accused party Guaia presented a fraudulent deed N° 1393 December 26, 2001, before the Argentinean Civil Law Notary Public (Escribano) Esteban Urresti, who protocolarized an assumed power given to Guaia, signed in the United States of America on November 15, 2001.----------

---

Second Page. ----------
Judicial Power of the Nation. ----------
(There appears an illegible signature) Mirta L. López González. Judge of the Preliminary Proceedings. ----------
(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ----------
(There appears an illegible seal) ----------
They assured that said power is false, since the principal "Ogden Entertainment Services Inc." does not exist as a Company as from July 1, 1996. They also explained that said company changed its name to "Ogden Entertainment Inc." up to July 2, 2000, and later changed its name again to "ARAMARK Entertainment Inc." Furthermore, they stated that said representation is obviously false due to the mention of David Buckman as the grantor of the power, since Buckman was not in charge of the legal representation of ARAMARK Entertainment Inc. in 2001. On the other side, Carlos Ignacio Guaia explained that despite the fact that the accusing party denies the existence of "Ogden Entertainment Services Inc." as a company as from July 1, 1996; they promoted an arbitration proceeding against said Company in the United States of America on March 21, 2000. He also explained that the accusing party, during the years 1997 and 1998, collected huge benefits from the company they say does not exist and that the arbitration proceeding started in the year 2000 was carried out to collect the benefits originated by the business activity for the fiscal years 1998 and 1999. Regarding his professional relationship with OGDEN, he explained that during October 2001, Ogden Attorneys at law in Argentina, that is to say the Attorneys at Law Firm "Marval, O'Farrell & Mairal", received from their peers from the

United States of America, "Roseman & Colin", the arbitration award pronounced on June 12, 2001 (and it *addendum* September 11, 2001) in the Case N° 10946/KGA/TE according to the International Arbitration Court of the International Commerce Chamber of Paris, France *(C.C.I.)* He also stated that previously to that he had not maintained any professional business with the company Ogden or any of its subsidiaries, and that he never had direct contact with its Attorneys at Law in the United States of America. He also expressed that after revising the documents he received related to the case, he agree with the American Attorneys at Law the aspects of his professional tasks and was granted special powers, one in Spanish and another in English, to act in the ratification and eventually in the collection of the payment. He added that said documents were received with the corresponding legalization from the Argentinean Consulate in Washington DC, United States of America, explaining that those who sent the documents were the same Attorneys at Law who represented Ogden Entertainment Services Inc. in the arbitration proceeding promoted by Messrs. Eijo in 2000. On the other side, he added that on May 2002, the American Attorneys at Law " Roseman & Colin" told him about the necessity to submit the litigation expenses derived from the exequatur to the approval of the Federal Judge in charge of Bankruptcy Court of the Southern District of New York City, United States of America.

---

Back of the second page. ------
(There appears an illegible seal) ------

The Ogden group had been under the proceedings described in Chapter 11 of the Bankruptcy Code of the United States of America. In order to fulfill with what was required he completed and sent to the American Attorneys at Law in charge of the composition with creditors (scheme of arrangements) of Ogden the corresponding forms. Finally he expressed that on December 10, 2002, the American Attorneys at Law in the proceedings prior to the adjudication of bankruptcy of Ogden, communicated him that "The Bankruptcy Court authorized the debtors to pay expenses of Professionals, such as your Attorneys at Law Firm" *(sic)* He underlined that when reading the original power it can be appreciated that the Notary Public established in the document, which was later protocolarized, that " ....The Authorizing Notary Public certifies that Mr. David Buckman has signed before me and that by virtue of the revision made, said person is empowered to represent OGDEN ENTERTAINMENT SERVICE INC. and is specially empowered to grant the previously mention power..." *(sic)* He also commented that said instrument was legalized before Pennsylvania Courts, The Argentinean Consulate and The General Division of Consular Affairs of the Ministry of Foreign Affairs and it contains every necessary formality required to be valid in our country. On the other side, he added that, despite taking into consideration the document presented by the accusing party, it can only be deduced that Ogden Entertainment Service Inc. had just changed its name, which does not damage either its existence or the use of any previous denomination. He also remarked that although it has not been yet established which type of corporation Ogden is, the Notary Public has certified its existence and Buckman's faculties and his condition of agent have been exposed to the examination of the Argentinean Judge having jurisdiction in Commercial Matters, the Federal Judge having jurisdiction in Bankruptcy and Ogden Group creditors. In that order he restated that said power has all the necessary elements until its inefficacy be not stated in the country where it was granted by means of a valid declaration in the United States of America. After said deposition, the accusing party made a presentation explaining that it was false that Attorney at Law Guaia has been part of the proceedings as agent for "Ogden Entertainment Services Inc.",

since out of the documentation that follows it is clear that he was part of the proceedings of an assumed company named "Ogden New York Services Inc.", with which Messrs. Eijo had no relation, claiming to be the agent for the latter company and not for the former one, which as from 2000 appears under the name Aramark Entertainment. ————————

————————————————————————————————————————

Third page. ————————————————————————————————

Judicial Power of the Nation. ————————————————————————

*(There appears an illegible seal)* ————————————————————

They also assured that they are two different business organizations. They also estated that it is not just a change in the name, as the accused party establishes, but a prior extinction to the assumed power of attorney granted. They also estated that not only did "Ogden Entertainment Services Inc." modify its name half a decade prior to the assumed issuance of the power of attorney, but also it did not belong to the same Business Group (Ogden Group) at that time. In fact, in 2001 it was part of Aramark Holding (having no relation with Ogden Group) To the accusing party it is weird that Guaia's client (*i.e.* Covanta Energy Corporation), for the purpose of billing, was not the business corporation that would design him later as its agent. By virtue of that, they stated that the one who pretends to collect the money is not "Ogden Entertainment Service Inc.", or any of its following companies, as the head of Ogden Group, which has no relation with said company, is doing it. Furthermore they pointed that Ogden Group is under proceedings prior to the adjudication of bankruptcy and that in the list of its subsidiaries neither Ogden Entertainment Services Inc nor its following companies are mentioned. During the arbitration proceedings (2000), Ogden Group faced an important economic and financial crisis, which led to a deep restructuring and to be part of proceedings prior to the adjudication of bankruptcy. Among other things Ogden stopped all its business lines regarding entertainment and Change its name to Corvanta Energy Corporation. Aramark Group acquired the entire Business line of entertainment. That is why Ogden Entertainment Inc (formerly Ogden Entertainment Services Inc) disappeared in the middle of the year 2000. Moreover, they stated that even though it is true that Ogden Group is under bankruptcy proceedings, as stated by the accused party, the company he alleged to represent is no longer part of said Business Group, as it is not named in the list of Ogden Group. Finally, it is worth mentioning that the investigated acts in the present are considered, up to now, as procedural fraud, pursuant to Section 172 of the National Criminal Code. Be it known that what is hereby requested is essential to truly determine the extremes of the formal complaint presented by Messrs. Eijo, and, based on the information, to establish or discharge if the denounced crime was committed. ————————

Back of third page. ————————————————————————————

*(There appears an illegible seal)* ————————————————————

III) In order to fulfill with the requirements of part I, copies of Section 132 and 134 of the National Criminal Procedure Code and of Section 172 of the National Criminal Code shall be done, certified by the Clerk of the Court and attached to the Letter Rogatory. Those shall be identified as EXHIBIT III. IV) It is hereby acknowledge that EXHIBIT I and II shall be only attached to the Letter Rogatory addressed to the Federal Judge in charge of Bankruptcy Court of the Southern District of New York City and that EXHIBIT III shall be attached to the four Letter Rogatories ordered by the Judge. V) Dated, all the proceedings shall be given to the Honorable Chairman of the National Court of Appeals having jurisdiction in the matter in order to carry out the necessary certifications, to whom an official letter shall be issued to appoint a Duly Sworn Translator to

translate from Spanish to English said Letter Rogatories, except Exhibit I which is already in English. VI) Once complied with the before mentioned points, an official letter shall be issued to the Ministry of Justice of the Nation for the due service of notice. All of this according to the in force Treaty of Mutual Judicial Assistance in Criminal Matters between the Argentine Republic and the United States of America, under Act N° 24034. —————————————————
Attorney at Law Mirta L López González, Judge of the Preliminary Proceedings. Before me Damian I. Kirszenbaum, Secretary. ——————————————————————————
Given, sealed and signed, in my office, in Buenos Aires on February 25, 2005. ——————
(There appears an illegible signature) Mirta L López González. Judge of the Preliminary Proceedings. ——————————————————————————————————
(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ——————————

Fourth page. ————————————————————————————————————
Judicial Power of the Nation. ————————————————————————————
(There appears an illegible seal) ————————————————————————————
EXHIBIT III. ——————————————————————————————————————
Back of fourth page. ——————————————————————————————————
(There appears an illegible seal) ————————————————————————————

Fifth page. ————————————————————————————————————————
Nation. Criminal Procedure Code. ——————————————————————————
(There appears an illegible seal) ————————————————————————————
Chapter III. Suplicatory Letters. Letter Rogatories, Judicial Orders and Official Letters. ——
General rules: ——————————————————————————————————————
Section 132: Whenever a procedural act shall be done outside the court, this one may ask for its fulfillment by means of a Supplicatory Letter, Letter Rogatory, Judicial Order or Official Letter, taking into account to whom it is addressed, being it an Ad Quem, equal or A Quo Court, or any authority which does not form part of the Judicial Power, without prejudice to what it is provided regarding the Convention Acts with the Provinces. ———————————————————
Letter Rogatories to Foreign Courts. ——————————————————————————
Section 134: Letter Rogatories to Foreign Courts shall be transmitted through Diplomatic channels in accordance with what it is established by the international treaties or practices. ——
Those from Foreign Courts shall be transmitted according to the cases and ways established by the international treaties and practices and by the laws of the country or in the way it is established in the conventions signed with different countries, pursuant to the reciprocity principle. ——————————————————————————————————————
(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ————————
Back of fifth page. ——————————————————————————————————
(There appears an illegible seal) ————————————————————————————

Sixth page. ——————————————————————————————————————
Criminal Code. ————————————————————————————————————
(There appears an illegible seal) ————————————————————————————
Chapter IV. Fraud and Other types of Fraudulent acts. ————————————————

Section 172: The one who swindles another person by using an assumed name, simulated quality, false titles, wrongly pretended influence, abuse of trust, or by assuming property, credits, benefits, company or business or by any other kind of artifice and deceits, shall be punished with imprisonment from 1 month up to 6 years. ⸺

(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ⸺

Back of the sixth page. ⸺

(There appears an illegible seal) ⸺

Seventh page. ⸺

Judicial Power of the Nation. ⸺

I HEREBY CERTIFY that the signatures corresponding to Attorney at Law Mirta L. López de González, Judge in charge of the National Court of the Preliminary Criminal Proceedings N° 25, were set before me. All of which I attest, Secretary N° 161, February 25, 2005. ⸺

(There appears an illegible signature) Damián I. Kirszenbaum. Secretary. ⸺

Eight page. ⸺

Judicial Power of the Nation. ⸺

I HEREBY CERTIFY that the signatures corresponding to Damián I. Kirszenbaum, provisional Secretary in charge of Secretary N° 161 of the National Court of the Preliminary Criminal Proceedings N° 25, under my charge were set before me. All of which I attest, in my office, on February 25, 2005. ⸺

(There appears an illegible signature). Mirta L. López de González, Judge in charge of the Preliminary Proceedings⸺

Back of the eighth page. ⸺

(There appears half of an illegible seal) ⸺

Ninth page. ⸺

(There appears the National Coat of Arms) ⸺

Judicial Power of the Nation. ⸺

National Court of Appeals in Criminal and Correctional Matters. ⸺

Attorney at Law Carlos Alberto Elbert, Chairman of the National Court of Appeals in Criminal and Correctional Matters of the Federal Capital of the Argentine Republic, hereby certifies that Attorney at Law Mirta L. López de González, is the Judge in charge of the National Court of the Preliminary Criminal Proceedings N° 25 and that the before mentioned signature is similar to the one recorded in the Signature Registry in the Superintendence Secretary of the Court. March 4, 2005. ⸺

(There appears half an illegible seal) ⸺

(There appears an illegible signature) Carlos Alberto Elbert. Chairman. ⸺

I, Lorena Susana Roqué, hereby certify that this is a true translation to English of the original in Spanish that I had before me and to which I refer. In Buenos Aires, on April 4, 2005.⸺

Yo, Lorena Susana Roqué, por la presente certifico que es traducción fiel al inglés del original en español que tuve a la vista y al cual me remito. En Buenos Aires, 4 de abril de 2005.⸺



Lorena S. Roqué
Traductora Pública
Idioma Inglés
Mat. To. XII Fo. 235 Cap. Fed.
Inscrip. C.T.P.C.B.A. N° 4418